UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAVELL FOX,

                              Plaintiff,          9:20-CV-0797
                                                           (GLS/ML)
    v.

C.O. GIFFORD et al.,

                              Defendants.
_____

APPEARANCES:

JAVELL FOX
12-B-1626
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On July 16, 2020, Plaintiff Javell Fox commenced this action pro se by filing a Complaint and an incomplete in forma pauperis application ("IFP Application"). Dkt. Nos. 1 and 2. On July 16, 2020, the Court issued an Order administratively closing this action due to Plaintiff's failure to comply with the filing fee requirements. Dkt. No. 4 (the "July Order"). Plaintiff was advised that, if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of $400.00 in full, or (2) submit a completed, signed and properly certified IFP Application within thirty (30) days of the filing date of that Order. *Id.* On July 23, 2020, Plaintiff filed a second IFP Application. Dkt. No. 5.

## II.     DISCUSSION

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced, unless an IFP Application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, provides in pertinent part that an IFP Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  In accordance with Local Rule 5.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application.  *See* N.D.N.Y. L.R. 5.4(b)(1)(A).[1]  Local Rule 5.4 further provides that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action."  N.D.N.Y. L.R. 5.4(b)(2)(A).[2]

Upon review, the Court finds that the second IFP Application was completed and signed by Plaintiff.  *See* Dkt. No. 5 at 2.  The IFP Application, however, has not been certified

---

[1]  A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility.  The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[2]  Upon compliance with the filing fee requirements, the Court must consider Plaintiff's IFP Application in light of the three-strikes provision of 28 U.S.C. § 1915(g) and, if appropriate, review the Complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

by an appropriate official at Plaintiff's facility nor have copies of Plaintiff's inmate account statements been provided. Plaintiff's IFP Application (Dkt. No. 5) is incomplete and must be denied.

In light of Plaintiff's pro se status, the Court will afford him a **final** opportunity to comply with the filing fee requirements for this action. If Plaintiff fails to timely comply, this action will be dismissed without prejudice without further Order of the Court.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's renewed IFP Application (Dkt. No. 5) is **DENIED as incomplete**; and it is further

**ORDERED** that plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, either: (1) pay the $400.00 filing fee in full; or (2) submit an IFP Application which has been completed and signed by him and which has been certified by an appropriate official at his facility[3]; and it is further

**ORDERED** that, in the event Plaintiff fails to timely comply with the filing fee requirements set forth in this Decision and Order, the complaint (Dkt. No. 1) will be **dismissed without prejudice without further Order of this Court**; and it is further

**ORDERED** that, upon Plaintiff's compliance with this Decision and Order, the matter shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff. The Clerk is directed to send Plaintiff a blank IFP Application; and shall also send Plaintiff a

---

[3] As noted, certified account statements may be submitted in lieu of the completed certificate portion of the IFP Application. *See* 28 U.S.C. § 1915(a)(2).

second copy of this Decision and Order, which Plaintiff may provide to the inmate accounts office at his facility along with his request for certification of his completed and signed IFP Application (and/or certified copies of his inmate account statements).

**IT IS SO ORDERED.**

August 14, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge