**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAVELL FOX,

                              Plaintiff,                              9:20-cv-797 (BKS/ML)

v.

C.O. ANDREJ L. GIFFORD,

                              Defendant.

---

**Appearances:**

*Plaintiff Pro Se:*
Javell Fox
12-B-1626
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

*For Defendant:*
Letitia James
Attorney General of the State of New York
Peter A. McDaniel
Amanda K. Kuryluk
Assistant Attorney Generals, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Pending before the Court is an objection to a Report and Recommendation (R&R), (Dkt.

No. 86), which, following an exhaustion hearing, recommends that defendant C.O. Andrei L.

Gifford's motion for summary judgment be granted and that plaintiff pro se Javell Fox's

complaint be dismissed for failure to exhaust administrative remedies, (Dkt. No. 85).  For the

reasons set forth below, the R&R is adopted.

This matter was referred to Magistrate Judge Miroslav Lovric for an exhaustion hearing. (Dkt. No. 59.)  Magistrate Judge Lovric thereafter appointed counsel to represent Fox for the purposes of the exhaustion hearing.  (Dkt. No. 61.)  At the conclusion of the hearing, at which testimony and exhibits were received, the parties agreed to submit post-hearing briefing.  (Dkt. No. 82.)

Magistrate Judge Lovric ultimately issued an R&R noting that the parties were in agreement that the grievance at issue was subject to the expedited procedures set forth in 7 NYCRR § 701.8, which specifies that the initial review is conducted by the superintendent, who is required to address the grievance within twenty-five days.  (Dkt. No. 85, at 8.)  Despite the governing regulation, the response to Fox's grievance was not forthcoming from the superintendent until seventy-nine days after the grievance was filed.  (*Id.*)  Magistrate Judge Lovric further noted that proper exhaustion under these circumstances could have been achieved by Fox in one of two ways.  (*Id.*)  First, Fox could have submitted an appeal within seven days of the expiration of the twenty-five-day initial review deadline or, second, Fox could have appealed directly to the Central Office Review Committee (CORC) within seven days of the receipt of the late response.  (*Id.*)

Magistrate Judge Lovric determined that Fox's testimony about filing an appeal on December 3, 2017 was not credible in light of Fox's mannerisms and body language and the credible evidence proffered by Gifford at the hearing.  (*Id.* at 9-10.)  At bottom, the R&R found that Fox "failed to exhaust his administrative remedies because he failed to properly appeal the Superintendent's decision (or lack thereof) to CORC."  (*Id.* at 11.)  Lastly, and although not at issue during the hearing, Magistrate Judge Lovric specifically considered the availability of the grievance procedures to Fox, and concluded that they were, in fact, available to him as elucidated

by the evidence presented during the hearing, which included testimony about Fox's familiarity

with the grievance process.  (*Id.*)

Fox's objection faults the R&R in three ways.  First, Fox contends that the R&R wrongly

concludes that an appeal of a non-response by the superintendent must be made seven days after

the time frame within which the superintendent was required to respond because 7 NYCRR §

701.8(f) sets forth no such time frame.  (Dkt. No. 86, at 2.)  Second, Fox disputes the credibility

findings in the R&R with respect to his testimony and that of certain defense witnesses.  (*Id.* at 2-

4.)  Third, and for the first time, Fox argues that the grievance process was not "available" to him

in light of the superintendent's late response "coupled with the fact that [his] appeal was

intercepted or never filed."  (*Id.* at 6.)

This court reviews de novo those portions of the magistrate judge's findings and

recommendations that have been properly preserved with a specific objection.  *See Petersen v.*

*Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper

objection is one that identifies the specific portions of the [report-recommendation] that the

objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atl.*

*Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the

report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

"[E]ven a pro se party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No.

06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351 (S.D.N.Y. Aug. 25, 2011)

(citation omitted).  Findings and recommendations as to which there was no properly preserved

objection are reviewed for clear error.  *Id.*  To the extent a party makes "merely perfunctory

responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). And finally, as is relevant here, "a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge." *Cullen v. United States,* 194 F.3d 401, 407 (2d Cir. 1999).

Critical to the analysis of Fox's objections is that there is no basis to disturb Magistrate Judge Lovric's credibility findings. Appropriate reasons for discrediting Fox and crediting defense witnesses are recited by Magistrate Judge Lovirc, and the record as a whole supports them. For this reason, Fox's objection to the credibility findings are rejected, and the credibility findings are adopted.

As for the contention that Magistrate Judge Lovric incorrectly concluded that Fox could have appealed seven days after the expiration of the superintendent's deadline to respond to the grievance, Fox's specific objection triggers de novo review. The objection is of no moment, however, because, even if the R&R was incorrect as urged by Fox, Fox could have exhausted by appealing within seven days of his receipt of the superintendent's late response.[1] More importantly, Magistrate Judge Lovric found that Fox's testimony about submitting an appeal was not credible, (Dkt. No. 85, at 9-10), which fatally undermines Fox's objection.

Lastly, the newly-raised argument that the grievance procedure was unavailable to Fox was not properly preserved and warrants review for clear error only. After careful consideration

---

[1]   Indeed, Fox makes no objection to the R&R insofar as it determined that Fox could have properly appealed within seven days after receiving the superintendent's late response.

in light of *Ross v. Blake*, 578 U.S. 632 (2016), the R&R's analysis of availability of the

grievance procedures to Fox is not clearly erroneous and that objection is rejected like the others.

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 85) is **ADOPTED**; and it is

further

**ORDERED** that Gifford's motion for summary judgment based upon Fox's failure to

exhaust administrative remedies (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that Fox's complaint (Dkt. No. 1) is **DISMISSED** for failure to exhaust

administration remedies; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>March 20, 2024</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

5